[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs appeal for a review of the statement of damages filed by the defendant, and for a reassessment of damages, in connection with a partial taking on February 1, 1990 of property of the plaintiffs known as 687-691 State Street, located in the City of New Haven.
The property is located on the northern fringe of the central business district of the City of New Haven between Olive Street and the State Street entrance to highway I-91. The area is developed with office and multi-family residential and commercial uses. It is considered a favorable retail and commercial location due to the high concentration of offices in the area.
The subject property is slightly irregular in shape. It had a 52 foot frontage on the east side of State Street, a depth on the south of 174 feet, a depth on the north of 350 feet, a rear property line of 93.8 feet, and an area of 15,688 square feet. The property borders on a railroad line in the rear and is serviced by all utilities.
The property was and is improved with a one-story cinder block and glass retail building estimated to contain 4,528 square feet of area. There was no physical change in the building after the taking.
The present use of a dry cleaning business represents the highest and best use of the property.
The taking involved an area of land of 2,010 square feet including a loss of four spaces for parking cars; a temporary easement for construction and the taking of a sign with the right to relocate it.
The land taken is across the front of the property. Originally the building was about 41 feet from the street line. After the taking the building is 8 feet from the street line.
Before the taking the subject property had a front property line of 52 feet on the east side of State Street, a two-lane public highway. After the taking the property had a front line of CT Page 10556 71 feet on relocated State Street, a four-lane highway.
Before the taking the land had an area of 15,668 square feet. After the taking the land area was reduced to 13,658 square feet.
Before the taking there were fifteen or sixteen designated parking spaces on the land, four of which were located in the front between the building and State Street. The taking eliminated these four spaces, limited the parking use of the land and while it increased the frontage line of the property from 42 feet to 71 feet and brought the building nearer to the relocated road, it made more difficult access to and exit from plaintiffs' property and restricted parking on the remaining land.
The temporary construction easement lasted for about 18 months for which plaintiffs are entitled to compensation. It included a right to slope and grade approximately 800 square feet of it.
A new sign designating the plaintiffs' business was located in front of the building in an area appearing to have been taken by defendant.
 II.
The instant case involves a partial taking of a single piece of property by the New Haven Redevelopment Agency.
 "Under our constitution, no property shall be taken for a public use without just compensation. . . . This has been interpreted to mean that the condemnee is entitled to receive a fair equivalent in money for the property taken, as nearly as its nature will permit. . . . The measure of damages is ordinarily the fair market value of the acquired land on the day of the taking. . . . Where only a part of a tract of land is taken for public use, the award will include the value of the part taken as well as any damages visited upon the remainder as a result of the taking. . . . The ordinary rule for measuring damages where a portion of a tract of land is taken is to determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value. . . . In determining market CT Page 10557 value of the remainder after a partial taking we have said that it is proper for the trier to consider all elements which are a natural and proximate result of the taking and which could legitimately affect the price a prospective purchaser would pay for the land. . . . Because fair market value has been defined simply to mean that price that a willing seller and a willing buyer would agree upon following fair negotiations . . . an appraisal of fair market value should take into consideration that use of the property that would provide a prudent investor the greatest financial return. . . ."
Tandet, et al v. Urban Redevelopment Commission of the City of Stamford, 179 Conn. 293, 298.
 "Where only a portion of a party's property is taken the land owner is entitled not only to the compensation for the value of the property taken but also severance damages for the diminution in the value of the landowner's remaining property that the severance of a portion of the property causes."
Alemany v. Commissioner of Transportation, 215 Conn. 437, 444-445.
 III.
While both parties have used the "before and after taking" rule, their valuation of the property and rights taken are wide apart. This results mainly from the fact that in applying the rule of damages, plaintiffs have considered the effect of the taking upon the building as well as land, whereas defendant in effect excluded the effects of the taking upon the building by designating them in defendant's report as "plus X".
Plaintiff is claiming $100,000 damages computed as follows:
 As to property permanently taken:
 Value before taking $ 543,000 Value after taking 453,000 ________ Difference $ 90,000
 As to the temporary easement taken for construction $ 9,000
CT Page 10558
 As to sign taken to relocate 1,000 _______ Total $100,000
Defendant claims the valuation of the takings after taking amounts to $35,200, being:
 Value of land before taking $235,000 plus X Value of land after taking 199,800 plus X _______ Difference $ 35,200
Defendant's appraiser states the term "plus X" equals the value of the building and site improvements not included in the takings. (Durocher, p. 22).
 IV.
In the instant case the valuation of the property and rights taken is found to be $75,974 as follows:
 4,528 square feet of building area and land at $115 per sq. ft. before taking $ 520,720
 4,528 sq. ft. of building area and land at $100 per sq. ft. after taking $ 452,800 _______ Difference $ 67,920
Damages of temporary easement of 1,090 sq. ft. of land at $33.19 per sq. ft. ($36,177) capitalized at 13 percent per annum ($4,703) over a period of 18 months, computes to $7,054.
To the above is added $2,000 damages for the paving taken and $1,000 for the taking of the sign.
In summary, the total damages are found to be $75,974.
An upward adjustment in damages from those submitted by defendant is due to the fact, among others, that the comparable sales were of lands, without buildings, being used only for parking purposes, whereas plaintiffs' property has a variety of permitted uses both by zoning regulations and adaptability. Plaintiffs' property is zoned BA. Its permitted uses include the CT Page 10559 sale of foods and drinks, package liquor stores, eating and drinking places, sales of personal articles and services and a variety of articles.
Adjustments in values downward from plaintiffs' figures have included, among others, considerations of location and ratio of land to building before and after taking.
As to the temporary easement taken for construction by defendant, the plaintiffs have suffered the loss of an equitable equivalent rental value. The defendant occupied the area with heavy machinery and construction equipment depriving plaintiffs of the occupation of the area. See D'Addario v. Commissioner of Transportation, 180 Conn. 355, 366 et seq. Details appear earlier in this opinion.
For the function of the court in a condemnation case, for the question of just compensation being an equitable one rather than a strictly legal or technical one, and for the paramount law intending that the condemnee shall be put in as good condition pecuniarily by just compensation as he would have been in had the property not been taken, see Alemary v. Commissioner of Transportation, 215 Conn. 437, 444.
The undersigned viewed the subject premise on October 29, 1991 in company with legal counsel of both parties.
 V.
Since the sum of $75,974 is $40,744 in excess of the sum of $35,200 deposited by defendant with the clerk of this court in New Haven, judgment may enter for defendant to pay to plaintiff the sum of $40,744 as the deficiency in damages justly due to plaintiffs, with interest thereon from the date of taking, February 1, 1990, to date of payment in order to satisfy the deficiency in damages plus interest justly due to plaintiff.
Plaintiff is claiming reimbursement of $500 as witness fees of his appraiser. As such they are part of costs and not appraisal fees and may be pursued as such.
PHILIP R. PASTORE STATE TRIAL REFEREE